Ginam Lee (SBN 204561)
Jennifer Yoo (SBN 304355)
Legacy Pro Law, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Tel.  (213) 382-8051
Fax. (866) 203-0408
E-mail:  glee@LawLPL.com
E-mail: jyoo@LawLPL.com

Attorneys for Plaintiff Soo Y. Jang

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOO Y. JANG, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>YON O. IM, *an individual;* TO TO COLLECTION, INC., *a California Corporation*; KYUNG SU LEE, *an individual;* DESIGN WORLD PRINTING, INC., a California Corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT**<br>**2. VICARIOUS COPYRIGHT INFRINGEMENT**<br>**3. CONTRIBUTORY COPYRIGHT INFRINGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SOO Y. JANG ("Plaintiff") complains as follows:

Plaintiff creates unique 2-dimensional graphic artworks for use on textiles and garments.  Plaintiff owns these designs exclusively.  Plaintiff conducts sales of products bearing these designs for profit.   Plaintiff's business is predicated on her ownership of these designs.  Plaintiff spends substantial amounts of time, resources,

LEGACY PRO LAW, P.C.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 203-0408

and goodwill creating, marketing, and selling either these designs or products that bear these designs.

Plaintiff's vendors take Plaintiff's design samples with the understanding that they will only utilize Plaintiff to reproduce said designs, and will not make any changes to Plaintiff's intellectual property.  No party is authorized to make sales of products bearing Plaintiff's designs without Plaintiff's express written permission.

Plaintiff brings this action to recover damages for direct, vicarious, and contributory copyright infringement arising out of the misappropriation of Plaintiff's exclusive designs by the Defendants, and each of them.

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).

3.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.      SOO Y. JANG ("Plaintiff") is an individual residing in Los Angeles, California.

5.      Plaintiff is informed and believes and thereon alleges that Defendant TO TO COLLECTION, INC. ("TOTO"), is, and at all times herein mentioned was, a corporation organized and existing under the laws of California and doing business in California, with its principal place of business at 1100 S. San Pedro St. #C-5, Los Angeles, CA 90015.

LEGACY PRO LAW, P.C.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8651 | Fax: (866) 203-0408

LEGACY PRO LAW, P.C.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8651 | Fax: (866) 203-0408

6.      Plaintiff believes and herein alleges that Defendant YON O. IM ("IM") is and at all relevant times has been an individual residing within the county of Los Angeles in the State of California.

7.      Plaintiff is informed, believes, and therefore alleges that at all times herein mentioned, Defendant TOTO is and at all times material herein was substantially owned and controlled by Defendant IM and is an entity through which IM conducts business affairs, including the business transactions described herein.

8.      Plaintiff is informed, believes, and therefore alleges that at all times herein mentioned, Defendant IM was an officer of defendant TOTO.

9.      Plaintiff is informed and believes and thereon alleges that Defendant DESIGN WORLD PRINTING, INC. ("DW"), is, and at all times herein mentioned was, a corporation organized and existing under the laws of California and doing business in California, with its principal place of business at 2251 E. Washington Blvd., Los Angeles, CA 90021.

10.     Plaintiff believes and herein alleges that Defendant KYUNG SU LEE ("LEE") is and at all relevant ties has been an individual residing within the county of Los Angeles in the State of California.

11.     Plaintiff is informed, believes, and therefore alleges that at all times herein mentioned, Defendant DW is and at all times material herein was substantially owned and controlled by Defendant LEE and is an entity through which LEE conducts business affairs, including the business transactions described herein.

12.     Plaintiff is informed, believes, and therefore alleges that at all times herein mentioned, Defendant LEE was an officer of defendants DW.

13.     Named Defendants, and Does 1-10, may be collectively referred to as "Defendants."

14.     Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 5, inclusive, are manufacturers and/or vendors of

**COMPLAINT**

garments to Defendants, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as Does 1 through 5 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of defendants designated as a DOE is responsible in some manner for the events alleged herein and the damages caused thereby.

15.     Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as Does 6 through 10 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained.

16.     Plaintiff further alleges to the extent any defendant is a separate business entity, that there exists, and at all times herein mentioned existed such a unity of interest, ownership and commonality of control between IM and TOTO such that said parties are alter egos.

17.     TOTO is the alter ego of IM and the obligations of TOTO are also the obligations of IM and in that:

LEGACY PRO LAW, P.C.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8651 | Fax: (866) 203-0408

a. There is such a unity of interest and ownership between IM and TOTO so that the individuality of TOTO or its separateness from IM has ceased; and

b. TOTO was never intended to have and never has had any true corporate existence. The sole purpose for the organization of TOTO was, to allow IM to carry on his own business without liability.

18.     Plaintiff further alleges to the extent any defendant is a separate business entity, that there exists, and at all times herein mentioned existed such a unity of interest, ownership and commonality of control between LEE and DW such that said parties are alter egos.

19.     DW is the alter ego of LEE and the obligations of DW are also the obligations of LEE and in that:

a. There is such a unity of interest and ownership between LEE and DW so that the individuality of DW or its separateness from LEE has ceased; and

b. DW was never intended to have and never has had any true corporate existence. The sole purpose for the organization of DW was, to allow LEE to carry on his own business without liability.

20.     Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto each of Defendants acted in concert with each other, was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently rarified and adopted, or both, each and all of the acts or conducts alleged, with full knowledge of all the facts and circumstances, including without limitation to full knowledge of each and every wrongful conducts and Plaintiff's damages caused therefrom.

LEGACY PRO LAW, P.C.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8651 | Fax: (866) 203-0468

**CLAIMS RELATED TO DESIGN**

21.    Plaintiff is the owner and author of a two-dimensional artwork under title "15-011" ("Subject Design") shown in Exhibit A.

22.    Plaintiff applied for a copyright from the United States Copyright Office for the Subject Design and was granted Registration No. VA 2-001-331 on January 8, 2016. (Exhibit B).

23.    Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design, and negotiated sales of fabric bearing the Subject Design.

24.    Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant TOTO purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design. A true and correct copy of such a garments are attached hereto as Exhibit C.

25.    At various times Defendant TOTO owned and controlled offline and/or online retail stores, and each, Plaintiff's investigation revealed that garments comprised of fabric bearing the Subject Design were being offered for sale, garments which were manufactured and/or imported under the direction of the Defendants, and each of them.

26.    Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant DW purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design. A true and correct copy of such a garments are attached hereto as Exhibit C.

27.    None of the aforementioned transactions were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

LEGACY PRO LAW, P.C.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8651 | Fax: (866) 203-0408

# FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants)

28.     Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 27, inclusive, of this Complaint.

29.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Designs through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other vendors and/or DOE Defendants; and (c) access to Plaintiff's strike-offs, swatches, paper CADs and samples.

30.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, marketing, advertising, creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing and/or selling infringing garments through a nationwide network of retail stores, catalogues, and online websites.

31.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

32.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages to its business in an amount to be established at trial.

33.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

LEGACY PRO LAW, P.C.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8651 | Fax: (866) 203-0408

LEGACY PRO LAW, P.C.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8651 | Fax: (866) 203-0408

34.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious Copyright Infringement – Against All Defendants)

35.     Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained hereto, inclusive, of this Complaint.

36.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the direct infringing conduct by their authority, ability, and/or control to request, change, suggest, or decline the design featured on the Accused Garment.

37.     Plaintiff is informed and believes and thereon alleges that the Defendants had a direct financial interest in the infringer's activity by profiting from featuring the desirable Subject Design on the Accused Garment while declining to exercise their right and/or obligation to stop or limit the infringement by requesting, changing, or suggesting a different design or declining to buy the garment featuring the Subject Design.

38.     By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

39.     Due to Defendants' acts of vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and

8

indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

40.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

### THIRD CLAIM FOR RELIEF

(Contributory Copyright Infringement– Against All Defendants)

41.     Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained hereto, inclusive, of this Complaint.

42.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, caused, materially contributed to, participated in, encourages, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertising, distribution and/or sales of product featuring the Subject Design as alleged herein above.

43.     By reason of the Defendants', and each of their, acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

44.     Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

LEGACY PRO LAW, P.C.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8651 | Fax: (866) 203-0408

45.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:
Against All Defendants with Respect to Each Claim for Relief:

1.     That Defendants, their agents and servants be enjoined from infringing Plaintiff's copyrights in any manner;

2.     That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at time of trial as available under 17 U.S.C. § 504(b), or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504(c);

3.     That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 *et seq*.;

4.     That Plaintiff be awarded pre-judgment interest as allowed by law;

5.     That Plaintiff be awarded costs of litigation; and

6.     That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Defendant demands a trial by jury on all issues so triable.

LEGACY PRO LAW, P.C.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8651 | Fax: (866) 203-0408

**DATED**: October 14, 2016          **LEGACY PRO LAW, PC**

BY: _____
Ginam Lee, Esq.
Attorneys for PLAINTIFF Soo Y. Jang

**COMPLAINT**

LEGACY PRO LAW, P.C.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8651 | Fax: (866) 203-0468